IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR L. STERLING, § <br> (Montgomery County Jail #546851) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> CORRECTIONAL HEALTHCARE CO., *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION H-14-1602 |

**MEMORANDUM ON DISMISSAL**

Victor L. Sterling, an inmate of the Montgomery County Jail ("MCJ"), sued in June 2014, alleging civil rights violations resulting from a denial of adequate medical care. Sterling, proceeding pro se and in forma pauperis, sues the Correctional Healthcare Co.; the Montgomery County Sheriff's Department; Tammy Tarver, nurse; Dr. Syed Ahmed, Medical Director; Tommy Gage, Sheriff of Montgomery County; and Correct Care Solutions.

The threshold issue is whether Sterling's claims should be dismissed as frivolous. The court concludes that Sterling's claims lack merit and should be dismissed for the reasons stated below.

**I.    Plaintiff's Allegations**

Sterling states that he has been confined at the MCJ since January 2014. Since 1982, Sterling had been treated for chondromalacia patella, or bone-on-bone degenerative arthritis, with pain medications.

Since 1992, Sterling had been treated for severe depression and anxiety disorder. Sterling asserts that he had an anxiety attack on January 6, 2014, which resulted from withdrawal anxiety associated with long-term opioid and Xanax use. Sterling states that he suffered from withdrawal

symptoms for the next six months, including sleeplessness, severe stomach cramps, nausea, profuse sweating, and diarrhea. Sterling requested Xanax upon his arrival at the Montgomery County Jail, but he did not receive treatment for his depression until April 21, 2014, when he was prescribed Celexia.

Sterling complains that the defendants have denied him Hydrocodone, Sin-visc injections, and Voltaren gel. He states that non-narcotic medications do not control the pain. Sterling complains that he was denied narcotic pain medications on the following occasions: January 4, 2014; June 23, 2014; June 26, 2014; August 3, 2014; October 11, 2014; December 22, 2014; and May 4, 2015.

Sterling explains that on April 8, 2014, medical personnel discontinued Ibuprofen because it caused his blood pressure to become elevated. He explains that he had to discontinue Tylenol because it was causing nose bleeds. Sterling states that medical personnel discontinued Gabapentin because it made his pain more pronounced. Sterling complains that he was prescribed steroid injections on September 25, 2014, but they did not help to relieve the pain.

Sterling states that on May 21, 2015, his knee gave out, and he was taken to the emergency room at the Conroe Regional Medical Center. Medical personnel took X-rays of the knee, stabilized the knee with a splint, and prescribed pain medications.

Sterling seeks unspecified punitive damages.

## II. Standard of Review

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an

*in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III.     The Medical Care Claim

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain

repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-106).

In *Estelle,* the Supreme Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 104-05.

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer,* 511 U.S. at 842 & n.8).

Sterling has not demonstrated that the medical care provided to him posed a substantial risk to his future health. By his own admissions, medical personnel examined him on multiple occasions,

performed diagnostic procedures and prescribed medications. Such evidence of examinations and treatment negate Sterling's claim of deliberate indifference. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977).

Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838, 114 S. Ct. 1970. Therefore, Sterling's claims should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Sterling complains that MCJ medical personnel did not prescribe narcotic medications such as Hydrocodone or other opioids. Sterling acknowledges that medical personnel prescribed various non-narcotic pain medications, but they were not effective in managing his pain. He claims that only narcotic medications such as opioids are effective. Sterling further states that the MCJ had a policy prohibiting the prescription of narcotic medications in the MCJ. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana,* 122 F.3d 286, 292 (5th Cir. 1997).

As noted, medical records of examinations, diagnoses, and medications rebut Sterling's

allegations of deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). Sterling admits that he was seen by medical personnel on several occasions. Sterling has not alleged facts demonstrating that the defendants were aware of, and disregarded, a substantial risk of harm to Sterling. Nor did he suffer substantial harm as a result of not receiving narcotic pain medication. Sterling's claim based on deliberate indifference to his serious medical needs is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.    Conclusion

The action filed by Victor L. Sterling (MCJ #546851) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Sterling's motion for reconsideration, (Docket Entry No. 29), is GRANTED. Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on October 9, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE